UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES J. FOSTER,
Plaintiff,

v.                               Case No. 5:24-cv-460-TJC-PRL

SUMTER LANDING COMMUNITY DEVELOPMENT DISTRICT, VILLAGE CENTER COMMUNITY DEVELOPMENT DISTRICT, and DAVID WILLIAMS,
Defendants.

---

## MOTION TO FILE SUR-REPLY

On May 1, 2025, the Court ordered Defendants to file a Reply addressing, among other things, whether *DeWeese v. Town of Palm Beach*, 812 F.2d 1365 (11th Cir. 1987), supports Plaintiff's federal claim. Yesterday, Defendants filed that Reply.

I am now moving to file a three-page Sur-Reply, limited to the *DeWeese* issue. There are two reasons why the Sur-Reply would assist the Court.

1.

In deciding a Rule 12(b)(6) motion, the trial court must confine the review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations. *See* cases cited in Doc.12 at 2.

To support their arguments as to *DeWeese*, on page 4 of the Reply Defendants quoted at considerable length from *their own* interrogatory answers in which they made a number of factual assertions that are inconsistent with or contradict the facts alleged in the Second Amended Complaint. They will also be disputed at trial.

On pages 6-7 of the Reply, Defendants then incorporated and relied upon their factual assertions (and materials that they asked to be judicially noticed) to support their *DeWeese* arguments.

Defendants' attempt to introduce "alternative facts" in their Reply is thus improper. The proposed Sur-Reply would list the factual assertions in the Reply that are inconsistent with or contradict the facts in the Second Amended Complaint, and cite the precedents outlining the legal standard to be applied in deciding a Rule 12(b)(6) motion.

2.

Defendants' current arguments as to *DeWeese* did not appear in their Motion, Doc. No. 8. Because of that omission, those arguments would have been forfeited (see forfeiture cases cited in Doc. 12 at 10). Here, however, the Court lifted the forfeiture by

allowing the arguments to be raised for the first time by way of the Reply.

But in the absence of a hearing, that indulgence deprived me of an opportunity to respond to these new arguments. See due process cases cited in Doc. 12 at 10.

The proposed Sur-Reply would respond to the new *DeWeese* arguments.

**Local Rule 3.01(g) Certification**

I certify that I have attempted to discuss this Motion with counsel for Defendants by leaving email and telephone messages, none of which have yet been returned. As required by L. R. 3.01(g)(3), I will supplement this certification on Tuesday, May 27.

/s/ James J. Foster
James J. Foster
jimfoster@alum.mit.edu
1027 Mallard Lane
The Villages FL 32162
(352)530-0517
May 23, 2025

I certify that I served this document on counsel for Defendants by email on May 23, 2025.

/s/ James J. Foster