IN THE DISTRICT COURT OF THE MIDDLE DISTRICT OF FLORIDA

Case No. 5:24-cv-460-TJC-PRL
— — — — — — — — — — — — — — — — — — — —

JAMES J. FOSTER, Plaintiff,

VS.

SUMTER LANDING COMMUNITY DEVELOPMENT DISTRICT, VILLAGE CENTER COMMUNITY DEVELOPMENT DISTRICT, and DAVID WILLIAMS, Defendants.
— — — — — — — — — — — — — — — — — — —

PLAINTIFF'S SUR-REPLY

*DeWeese v. Town of Palm Beach*, 812 F.2d 1365 (11th Cir. 1987) held unconstitutional, under the 14th Amendment, an ordinance that made it unlawful for a man to appear in any public place (other than bathing beaches) "without the upper part of his … body covered." *Id*. at 1371. The court found that in this circuit "a liberty interest in personal dress is protected" and the ordinance requiring covering his upper body "is not rationally related to the public health, safety, welfare, or other legitimate legislative goal." *Id*. at 1366.

My case fits easily within that precedent. In the "hot, humid Florida summers," for reasons of comfort and health when outdoors I wear a collarless tee shirt, but Defendants mandate that I wear a collared shirt on top of my tee shirt. This case is, if anything, less defensible than the ordinance in *DeWeese*.

The Second Amended Complaint ("SAC"), Doc. 1-1, ¶23, asserts that this collar mandate, like the ordinance in *DeWeese*, does not benefit the public health, safety, or welfare, or affect the well-being of others on the courses. Because the issue arises on a Rule 12(b)(6) motion, the trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations, such as the above. See authorities cited at Doc. 12, pp. 2-3.

The SAC also alleges the collar mandate creates health dangers for me and other elderly residents of The Villages), ¶¶20-22; no proper governmental purpose is served by barring me because my shirt does not have a collar, ¶23; whether my shirt has a collar has no effect on the operation of the Executive Golf Courses, *id*.; and the policy is arbitrary and capricious, ¶¶24-25.

Defendants have not disputed those allegations. Instead, they describe the "purpose" for imposing a collar mandate by alleging facts that conflict with other facts in the SAC. For instance, Defendants state that "protection of player health and safety … justify the requirement of proper golf attire." *Id*. at 4. But SAC ¶20-23 explains how the collar mandate *endangers* health and safety. Defendants next argue that a collar mandate is needed to maintain "community standards." But SAC ¶¶12-14 explains how in The Villages the collarless tee shirt meets community standards. Finally, Defendants suggest, without evidence, that new residents might not buy new homes in The Villages if there is no collar mandate. Doc. 19, p. 4. That far-fetched contention contradicts facts in SAC ¶¶12-14. And *DeWeese* rejected a similar argument by Palm Beach. 812 F.2d at 1367.

Defendants attempt to distinguish *De*Weese by arguing that the ordinance there was directed to "citizens at large." *Id.* at 1368-69. But the ordinance here is

likewise directed to "citizens at large." The court used "citizens at large" to distinguish from the cases Palm Beach had cited that had upheld the governments' regulating the grooming of *their employees*, such as police officers and public school teachers. *Id*. at 1368. By contrast, like the Palm Beach ordinance, which could be enforced against anyone who chooses to jog, the collar mandate here is directed to the *citizens at large* because it applies to any member of the public who choose to use the golf courses.

Defendants, Reply, p.7, ask the Court to take judicial notice that certain other clubs (mostly elite private country clubs or resorts[1]) impose collar mandates. However,[2] SAC ¶26 posits:

The Executive Golf Courses are equivalent to countless municipal courses found elsewhere in the United States. With rare exceptions, all courses in that classification allow collarless shirts, reflecting the obligation of governments to make their recreational facilities available to all, irrespective of social class.

The Court should deny the Motion.

---

[1] By contrast, Defendants' facilities, being 9-hole "executive" golf courses, are, by definition, smaller, mostly par-three layouts. None have clubhouses or similar indoor facilities, but only starter shacks. ¶6. They have recently become notorious for shabby, almost unplayable conditions and several have been forced to close for "rest and rehabilitation." *Id*.

[2] Defendants argue a golf course is not a "public forum," Reply, p.8., but that is irrelevant, as this is not a free speech case. Defendants also argue that a judge may set dress standards for his courtroom, *id*., but neither I, nor *DeWeese*, would suggest otherwise.

## CERTIFICATE OF SERVICE

I certify that I served this Sur-Reply by email on Counsel for Defendants today.

/s/ <u>James J. Foster</u>
James J. Foster
<u>jimfoster@alum.mit.edu</u>
1027 Mallard Lane
The Villages FL 32162
(352) 530-0517
June 5, 2025