IN THE DISTRICT COURT OF THE MIDDLE DISTRICT OF FLORIDA

Case No. 5:24-cv-460-TJC-PRL
—————————————————————

JAMES J. FOSTER, Plaintiff,

VS.

SUMTER LANDING COMMUNITY DEVELOPMENT DISTRICT, VILLAGE CENTER COMMUNITY DEVELOPMENT DISTRICT, and DAVID WILLIAMS, Defendants.

—— —————————————————

PLAINTIFF's RESPONSE TO "TIME SENSITIVE MOTION" FOR PROTECTIVE ORDER

I am here responding to the motion of Defendant Sumter Landing Community Development District ("SLCDD") for a protective order. Doc. 31. As explained below, the motion should be denied because SLCDD did not comply with Local Rule 3.01(g). To the extent the Court otherwise considers the motion, it should be denied, for the reasons explained below.

1. FAILURE TO COMPLY WITH LOCAL RULE 3.01(g)

Local Rule 3.01(g) provides:

(1) *Duty*. Before filing a motion in a civil action … the movant must confer with the opposing party in a good faith effort to resolve the motion.

(2) *Certificate*. [T]he movant:

> (A) must certify that the movant has conferred with the opposing party,
> (B) must state whether the parties agree on the resolution of all or part of the motion, and
> (C) if the motion is opposed, must explain the means by which the conference occurred.

SLCDD did not comply with the rule in several respects.

<u>First, SLCDD did not "confer" with me; to the contrary, it ignored my repeated requests for that conference.</u>

At 10:42 on the morning of November 18, SLCDD emailed me a draft copy of its motion, which it had not yet filed. The email did not request a conference, but instead asked me to confirm that I was "not agreeable to the requested relief." At 11:22, I responded by emailing SLCCD:

> Chris — I called but was told you were not available. *I am available anytime today for the mandatory Rule 3.01(g) conference.* Please call me at 352-530-0517.

(Emphasis added). After four hours elapsed with no response, at 3:26pm I again emailed:

> Chris - Most of the issues in your draft motion are nonexistent or easily resolved, although we have one issue that the Judge will need to decide. You had asked for my position "as soon as possible" so that you could file your "time sensitive motion." I promptly called you back but was told you were unavailable. I then sent the email below four hours ago. *Please let me know when you are available for the mandatory Rule 3.01(g) conference, and I will make myself available as well.*

(Emphasis added). Minutes after sending that email, SLCDD served on me a copy of its filed motion, Doc. 31, without responding to my repeated request for the "mandatory" Rule 3.01(g) conference.

Second, the motion contained a misleading Local Rule 43.01(g) Certification.

Local Rule 3.01(g)(2)(B) required the Certificate to "state whether the parties agree on the resolution of all or part of the motion." The Certificate here did not report what had been agreed to.

The first request for relief in the draft of the motion I received this morning was for an order that SLCDD not be required to attend the November 21 deposition. Doc. 31 at 7. When I called SLCDD before sending the 11:22 email, to narrow the issues in preparation for the expected conference I left a voicemail message saying that I was taking the November 21 deposition "off calendar," meaning it would not go forward on that date. *The Certificate did not disclose this*. Since the impending date was the sole reason for the motion's being "time sensitive," this statement should have been disclosed.

The second request for relief in the draft of the motion was an order that I confer with SLCDD counsel to discuss the Rule 30(b)(6) deposition topics. This

issue had not previously come up, nor would it have because Rule 30(b)(6) allows for said discussion to occur *after* the notice is served. In any event, in the voicemail I said I was prepared to discuss those topics at any time, including in the expected conference today. That would seem to have resolved that issue, but t*he Certificate did not disclose this.*

(I did not think to make an audio recording of my voicemail as I was leaving it, but if SLCDD disputes my recollection, I would ask that it provide a complete transcript of the entire voicemail.)

*T*he third and last request for relief was for an order as to scheduling of future depositions, which I discuss further below. The certificate accurately states that the parties had not agreed as to when the November 21 deposition should be rescheduled, although that was a subject I had expected to be covered in the conference, had it occurred. But that was the only issue still in dispute, at least at this time. The Certificate should have disclosed this was the only remaining issue, instead of broadly stating I "oppose the Defendant's requested relief."

2. RESCHEDULING OF THE NOVEMBER 21 DEPOSITION.

On November 6, I served a Notice for the deposition using November 21 as a placeholder, with the notice stating the parties could agree to change the date. I then received an email from SLCDD claiming unavailability on that date.

I responded by email on November 7:

> I have no issue with moving the deposition to a later date certain, and will work with you to find a date that works for both you and the witness. But I need to take this deposition sooner rather than later. Today is November 7. Pick a date in December, preferably before Christmas.

Receiving no response, on November 13 I again emailed SLCDD:

> I am willing to reschedule the deposition for a date certain between December 1 and December 24. If we can reach agreement on that, I will withdraw the outstanding Notice and issue a revised notice for the agreed date.

But, as far as when SLCDD would agree to sit for a deposition, all I could get from it was that it was "currently booking" in February - at that time, three months down the road.

As the parties were several months apart on rescheduling the date, on November 14 I emailed:

> In view of your client's intransigence, it seems that Judge Lammens will have to sort this out.

So here we are.

This action, seeking an injunction, was filed (in state court) on April 3, 2024, over 18 months ago. Defendants removed the case to this Court in August 2024, and then filed a motion to dismiss. The parties delayed taking depositions while the motion to dismiss was pending, which the Court denied on August 29, 2025. The Court has since ordered the parties to submit a Case Management Report on December 5. We now thus need to move the case expeditiously.

The noticed deposition will take less than a day, and it needs to be completed soon to allow me to determine whether other depositions are needed and, if so, of whom.

As related above, I had taken the November 21 deposition off calendar, so it will not go forward on that date. I am now asking this Court to otherwise deny the motion and order SLCDD to identify at least two dates in December on which it would prefer to sit for its deposition and allow me to choose one of those dates on which to conduct the deposition.

<u>/s/ James J. Foster</u>

Florida Bar No. 1062462

<u>jimfoster@alum.mit.edu</u>

1027 Mallard Lane

The Villages FL 32162 (352) 530-0517

(352) 530-0517

November 18, 2025