UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES J. FOSTER,

      Plaintiff,

v.                           Case No. 5:24-cv-460-TJC-PRL

SUMTER LANDING COMMUNITY     **DISPOSITIVE MOTION**
DEVELOPMENT DISTRICT,
VILLAGE CENTER COMMUNITY
DEVELOPMENT DISTRICT, AND
DAVID WILLIAMS

      Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COUNT
IV TO SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW**

COME NOW, Defendants, Sumter Landing Community Development
District (hereinafter "SLCDD"), Village Center Community Development District
(hereinafter "VCCDD"), and David Williams (hereinafter "Mr. Williams")
(collectively referred to as "Defendants"), by and through their undersigned
counsel, and move this Honorable Court for the entry of an Order dismissing
Plaintiff's claims and in support thereof states as follows:

## I.    INTRODUCTION AND BACKGROUND

Plaintiff, James J. Foster (hereinafter referred to as "Plaintiff"), filed his
original Complaint in the Circuit Court of the Fifth Judicial Circuit in and for

1

Sumter County, Florida, Case Number 2023-CA-000162, on April 3, 2024, alleging that SLCDD and VCCDD, wronged him by not allowing him access to the Executive Golf Courses at The Villages in Sumter County, Florida (Doc. 1-3, pgs. 5-8). On May 7, 2024, Plaintiff filed an Amended Complaint adding Mr. Williams as a named Defendant, and stating similar allegations, but citing Florida law, and including three claims against the named Defendants (Doc. 1-3, pgs. 50-59).

On August 2, 2024, Plaintiff filed a "Motion for Leave to File a Second Amended Complaint and Memorandum of Law" which stated: "The proposed Second Amended Complaint is substantively identical to the Amended Complaint that had been filed May 7, 2024, except it adds a Fourth Claim, which asserts that Defendants' conduct violates 42 U.S.C. §1983." (Doc. 1-3, pgs. 95-97)

Plaintiff attached his proposed "Second Amended Complaint" to the aforementioned motion.  (Doc. 1-3, pgs. 98-106). On August 19, 2024, the Circuit Court entered an Order granting Plaintiff's motion and in paragraph 2 of the Order stated: "Plaintiff, within 10 days from the date of this order, shall file the Second Amended Complaint as an independent filing." (Doc. 1-3, pgs. 121-122). That same day (August 19, 2024), Plaintiff independently re-filed his "Second Amended Complaint", (Doc. 1-1). The Second Amended Complaint is also Doc. 6 to this action.

On September 6, 2024, Defendants filed a Joint Motion to Dismiss the Second Amended Complaint. (Doc. 8). Defendants thereafter a filed an Amended Joint Motion to Dismiss the Second Amended Complaint on September 9, 2025 (Doc. 9).

Plaintiff filed a Response to Defendants' Motion to Dismiss the Second Amended Complaint. (Do. 12). At the Court's request, Defendants filed a Reply (Docs. 18 and 19). With Leave of Court, Plaintiff filed a Sur Reply (Docs. 21, 22, 23, 24). Ultimately, on August 29, 2025, this Court entered an Order Denying Defendant's Motion to Dismiss without prejudice, and instructing Plaintiff to file a "standalone 'Amended Count IV,' which only alleges the facts and legal basis necessary for the Fourteenth Amendment claim (without incorporating the state law claims)[1]. (Doc. 25).

While this Court ordered the Defendants to "answer" Amended County IV. (Docs. 25 and 29); this Court also limited Plaintiff to filing an Amended Count IV with only the facts and legal basis necessary for the Fourteenth Amendment claim. (Doc. 25). The Second Amended Complaint was only 9 pages in length, when it contained four Counts. (Doc. 6.) Somehow, by subtracting three counts, Plaintiff's Amended Count IV has swollen into 12 pages, and continues to include self-serving conclusory allegations, improperly comingled claims, and insufficiently pleads causes of action. As such, Defendants believe there are sufficient grounds

---

[1] The Court abated the state law claims until further ordered

that render Amended Count IV ripe for dismissal, and do not wish to waive those arguments. As discussed *infra*, Plaintiff's Amended County IV to the Second Amended Complaint should be Dismissed With Prejudice.

## II. ARGUMENT

### A.    Motion to Dismiss Standard

Under the pleading requirements of Rule 8(a)(2) Fed.R.Civ.P., a plaintiff is required in his complaint to make a showing, rather than a blanket assertion, of entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That is, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. When the allegations in a complaint, do not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id*. at 558.

A motion to dismiss under Rule 12(b)(6) admits the well-pled allegations of the complaint, but denies their legal sufficiency. However, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In a motion to dismiss, the court need only accept well-pled facts

and reasonable inferences drawn from those facts. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *see also Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023) (The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions).

While the standard of construction with respect to reviewing a denial of a motion to dismiss is liberal, it does not impose upon the court the duty to rewrite the complaint for the plaintiff, or to assume facts not contained within the complaint. *See Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 n.17 (11th Cir. 1993) (explaining that even if the record demonstrates that a factual basis exists, a plaintiff is still required to plead those facts in order to survive a motion to dismiss.). The complaint must allege the relevant facts with some specificity. *See Gonzalez*, 325 F.3d at 1235. More than mere conclusory notice pleading is required… Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. *Id*.

**B.**    **Failure To State A Cause of Action**

    **1.**    ***Plaintiff fails to plead the necessary elements for an action seeking injunctive relief***

It is well-settled that a district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed

injunction may cause the proposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites. *Id*. A showing of irreparable injury is the *sine qua non* of injunctive relief. *Id*. As the Eleventh Circuit has emphasized on many occasions, the asserted irreparable injury must be neither remote nor speculative, but actual and imminent. *Id*. Likewise, under Florida law a temporary injunction is an extraordinary and drastic remedy which should be sparingly granted. *See Florida High School Athletic Ass'n v. Melbourne Central Catholic High School*, 867 So.2d 1281, 1285 (Fla. 5th DCA 2004). Also, under Florida law, an "injunction is an extraordinary remedy, harsh and drastic, particularly in its mandatory form, where equity goes beyond mere restraint and commands that acts be done or undone." *First Nat. Bank in St. Petersburg v. Ferris*, 156 So.2d 421, 423 (Fla. 2nd DCA 1963). "Such injunctions are looked upon with disfavor by the courts and are granted but sparingly and cautiously." *Id*. "To obtain a permanent injunction, the petitioner must establish a clear legal right, an inadequate remedy at law and that irreparable harm will arise absent injunctive relief." *Hollywood Towers Condo. Ass'n, Inc. v. Hampton*, 40 So. 3d 784, 786 (Fla. 4th DA 2010) (internal citations omitted). "A complainant, in alleging irreparable injury, must state facts which

will enable the court to judge whether the injury will in fact be irreparable, and mere general allegations of irreparable injury will not suffice." *First Nat. Bank in St. Petersburg*, 156 So.2d at 423-424. If the injury complained of is doubtful, eventual, or contingent, injunctive relief will not be afforded. *Id*. at 424.

Here, Plaintiff fails to plead facts that an irreparable injury will be suffered unless an injunction is issued. Plaintiff concedes in Amended Count IV to the Second Amended Complaint that the policy of the Defendants at issue is only applicable when Plaintiff elects to not follow the dress code, and attempt to play golf at VCCDD's golf courses without wearing a shirt with a collar. *See* Doc. 30, at ¶¶ 19-21. The Plaintiff's alleged harm is being prohibited from accessing Defendant's golf courses, but only in the event he disobeys the dress code. Therefore, Plaintiff's injury (inability to access golf courses) is not irreparable, because he may access golf course at any time so long as he wears appropriate golf attire. Therefore, the injury complained of is contingent on specific circumstances, making injunctive relief improper. *See First Nat. Bank in St. Petersburg*, 156 So.2d at 424.

Furthermore, Plaintiff fails to sufficiently allege that an inadequate remedy at law exists for the conduct of the Defendants. Despite Plaintiff's conclusory claim contained in paragraph 31 of Amended Count IV that he has "no adequate remedy at law for Defendants' illegal actions, as money damages would be neither

measurable nor available for Defendants' current and future illegal activity,"
Plaintiff has previously, and continues to allege a contractual entitlement to play
golf on the Executive Golf Courses. *See* Doc. 30, at ¶11. Plaintiff expressly writes
in paragraph 11:

> Our current assessment for those amenity fees totals $2385 per year.
> By virtue of the payment of those amenity fees under the terms of the
> above express written contracts, we have obtained the right to the use
> of the Executive Golf Courses. . .

*Id*. As the Court is aware monetary damages are an available remedy for a
cause of action for breach of contract. *See Hirsch v. Jupiter Golf Club LLC*, 232
F. Supp. 3d 1243, 1257 (S.D. Fla. 2017) (ruling that golf country club denying
access to its members was a material breach of the membership agreement,
and finding an award of monetary damages appropriate). As such, Plaintiff
may elect (or forgo) a claim for breach of contract alleging that his
contractual right (his words) has been violated, and may further seek
compensatory monetary damages. As such, a remedy at law exists.

    For the forgoing reasons, the Defendants request this Honorable
Court dismiss the Plaintiff's request for injunctive relief, because it fails to
plead the necessary elements including irreparable harm and inadequate
remedy at law, which are required in order to obtain injunctive relief.

**2.     *Plaintiff fails to plead a cause of action for a violation of 42 U.S.C. §1983, specifically a violation of substantive due process, by Defendant David Williams as Plaintiff misapplies the correct legal principles***

The United States Supreme Court in *County of Sacramento v. Lewis* explained, "While due process protection in the substantive sense limits what the government may do in both its legislative, and its executive capacities, criteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "Executive acts characteristically apply to a limited number of persons" and "typically arise from the ministerial or administrative activities of members of the executive branch." *Littlejohn v. Sch. Bd. of Leon Cnty., Fla.*, 132 F.4th 1232, 1242 (11th Cir. 2025) "Legislative acts, on the other hand, generally apply to a larger segment of—if not all of—society; laws and broad-ranging executive regulations are the most common examples." *Id*. If legislative action involves a right that is not fundamental, the Court's subject that action to rational-basis review. *Id.*, at 1239. However, the test for whether the substantive component of the Due Process Clause is violated by executive action is whether it shocks the conscience. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846, (1998).

The *DeWesse* case, relied on by Plaintiff is an example of a legislative act. In *DeWesse* the Eleventh Circuit struck down as unconstitutional a municipal ordinance requiring makes to wear a shirt while jobbing. *See DeWesse v. Town of Palm Beach*, 812 F. 2d 1365 (11th Cir. 1987); *See also* Doc. 30, at ¶35. Amended County IV concedes that the Plaintiff is challenging a policy of the CDD Defendants that applies to "citizens at large," therefore, the rational basis test is applied to the legislative action of the CDD Defendants. "A legislative act involves policy-making rather than mere administrative application of existing policies." *Littlejohn* 132 F.4th at 1242 (citing *Crymes v. DeKalb County*, 923 F.2d 1482, 1485 (11th Cir. 1991)).

However, the conduct alleged against Defendant Davids Williams is that of an administrative act which involves the mere application of existing polices to a specific group of people (people attempting to play golf) as opposed to citizens at large as in in *DeWesse* (ordinance that prohibited specific dress in public areas). Amended Count IV alleges that Defendant David Williams "has illegally directed those employees under his control to confront, and to bar or remove from the Executive Golf Course." Doc. 30, at ¶19. Plaintiff continues to state that "Williams is illegally denying me access to the Executive Golf Courses. . ." *Id*., at ¶19. Plaintiff is suing Mr. Williams both in his personal and in his official capacity. *Id*., at ¶5. However, Plaintiff is suing SLCDD and VCCDD based on their "official policy or

custom." *Id.*, at ¶22. Plaintiff is alleging that *all* Defendants violated the Plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution; and Plaintiff relies solely of *DeWesse* in support. *See* Doc. 30, at ¶34. However, whether each Defendant's conduct is categorized as a "legislative" or "executive" action guides this Court's application of legal principles pursuant to Fourteenth Amendment substantive due process legal doctrine. As such, the test for whether David Williams actions violated Plaintiff's substantive due process rights is whether or not his conduct shocked the conscience. Therefore, Plaintiff misapplied the incorrect analysis to his allegations against Mr. Williams, and failed to state a cause of action against David Williams for a violation of substantive due process under the Fourteenth Amendment as Plaintiff failed to allege David William's conduct "shocked the conscience." As such the allegations against Defendant David Williams should be dismissed.

## C. Amended Count IV to the Second Amended Complaint is an impermissible shotgun pleading

The purpose of the Federal Rules of Civil Procedure governing pleadings is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021). These rules were also written for the benefit of the Court, which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and

whether evidence introduced at trial is relevant. *Id.* A shotgun pleading is a complaint that violates either Fed. R. Civ. P. 8(a)(2) or Rule 10(b), or both. *Id.* Shotgun pleadings are flatly forbidden by the spirit, if not the letter, of these rules because they are calculated to confuse the enemy, and the Court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked. *Id.*

The Eleventh Circuit has identified four general categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate "each cause of action or claim for relief" into a different count; and, (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021).

As discussed in argument B.2. supra, Plaintiff is alleging that *all* Defendants violated the Plaintiff's substantive due process rights under the Fourteenth Amendment to the United States Constitution; and Plaintiff relies solely of *DeWesse* in support. *See* B.2. supra.; *See also* Doc. 30, at ¶34. However, whether each Defendant's conduct is categorized as a "legislative" or "executive" action guides this Court's application of legal principles pursuant to Fourteenth Amendment

substantive      due      process      legal      doctrine.    *See See* B.2. supra.

Therefore, Amended Count IV is an impermissible shotgun pleading pursuant to Eleventh Circuit precedent as stated in *Barmapov* because it is both:  a complaint that does not separate each cause of action or claim for relief into a different count; and is also a complaint that assert multiple claims against multiple defendants without specifying which of the defendants the claim is brought against. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021). Plaintiff is applying one legal theory and cause of action against all Defendants without regard for their specific factual involvement, and fails to separate each claim[2]. As such, Amended Count IV should be dismissed.

## D. <u>Defendant David Williams is entitled to Qualified Immunity</u>

Defendant David Williams is being sued in his individual capacity. See Do. 30., at ¶5 Qualified immunity balances two important interests, the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officers from harassment, distraction, and liability when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The protection of qualified immunity applies regardless of whether the government official's

---

[2] Despite the Court being bound to accept Plaintiff's factual allegations as true, Plaintiff also continues to improperly comingle SLCDD and VCCDD as "the CDD Defendants" and alleges co-ownership of the subject golf courses, despite undersigned counsel previously informing Plaintiff, and despite the information being otherwise publicly available, that SLCDD does not own the subject golf courses.

error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Id*. Courts are obliged to grant qualified immunity unless the plaintiff can demonstrate: first, that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the officers, and, second, that it was clearly established at the time of the incident that the actions of the defendant were unconstitutional. *Id*. at 232. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition.

The Eleventh Circuit has also reiterated that the purpose of qualified immunity is to allow public officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation. *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009). If the official was acting within the scope of his discretionary authority, the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate. *Id*. The determination of whether a public official is entitled to qualified immunity is one of law to be made by the court and not submitted to a jury. *Chaney v. City of Orlando*, 291 Fed.Appx. 238, 243 (11th Cir. 2008), *citing Stone v. Peacock*, 968 F.2d 1163, 1165 (11th Cir. 1992). Significantly, if reasonable public officials could differ on the lawfulness of a defendant's actions, the defendant is entitled to qualified immunity. *Storck v. City of Coral Springs*, 354 F.3d at 1314.

Government actors are entitled to qualified immunity unless their

supposedly wrongful act was already established to such a high degree that every objectively reasonable official standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances. *Long v. Slaton*, 508 F.3d 576, 584 (11th Cir. 2007). A plaintiff has the burden of demonstrating that the defendant - at the pertinent time and given the specific circumstances of the case had fair notice that his or her conduct would violate clear federal law. *Id*. To demonstrate that the law at the time clearly established that defendant's conduct would violate the Constitution, a plaintiff must point to either "…(1)  earlier case law from the Supreme Court, this Court (Eleventh Circuit Court of Appeals) or the highest Court of the State (Florida) that is materially similar to the current case and therefore provided clear notice of the violation or (2) general rules of law from a federal constitutional or statutory provision or earlier case law that applied with "obvious clarity" to the circumstances, establishing clearly the unlawfulness of the Defendants' conduct." *Id. Hadley v. Gutierrez*, 526 F.3d 1324, 1333 (11th Cir. 2008) (holding that for a right to be clearly established, previous case law must have developed it in a concrete factual context so as to make it obvious to all reasonable government actors, in the defendant's place that what he is doing violates federal law).

In order to invalidate the protection of qualified immunity, a plaintiff must prove that it was clearly established that the alleged conduct would violate his

constitutional rights. A plaintiff facing qualified immunity must produce evidence that would allow a fact-finder to find that no reasonable person in defendant's position could have thought the facts were such that they justified defendant's acts. *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993). Additionally, qualified immunity decisions should be resolved at the earliest possible stage in the litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Dalrymple v. Reno*, 334 F.3d 991, 994-995 (11th Cir. 2003). The public's strong interest in avoiding government disruption requires that qualified immunity be an immunity from trial, not just from liability. *Post*, 7 F.3d at 1556. Notably, the Eleventh Circuit has held that official conduct is generally accorded a presumption of legitimacy. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).

The sole case that Plaintiff points to as precedent that David Williams conduct is unlawful is the *DeWesse* case. The *DeWesse* decision is distinguishable due to the following: 1) *DeWesse* analyzed the constitutionality of an ordinance which affected citizens at larger; whereas Plaintiff here alleges the policy only affects people who play golf at specific golf course, and for which he has a contractual entitlement to play at; 2) the challenger in *DeWesse* faced an actual deprivation of liberty (ordinance criminalized conduct); whereas here Plaintiff may play golf anywhere he likes as long as he abides by the applicable rules and dress code, but is otherwise unaffected by the policy in his day-to-day lief; 3) See

discussin in 2.B supra as to Plaintiff applying incorrect legal analysis; and 4) Last and most important, the Eleventh Circuit in *DeWesse* limited their ruling to being applicable to the specific case at issue. *See DeWeese v. Town of Palm Beach*, 812 F.2d 1365, 1369 (11th Cir. 1987) ("We hold only that the Town's interest in regulating the dress of its citizens at large, in the form of prohibiting male joggers from appearing in public without a shirt, is so manifestly weak that it cannot justify the intrusion upon DeWeese's liberty interest in his chosen mode of dress.") Therefore, the *DeWesse* case cannot be used as previous case law that developed in a concrete factual context so as to make it obvious to all reasonable government actors, in Mr. Williams position that what he is doing violates federal law.

In order for Defendant to be held liable in the instant case, Plaintiff needs well-pled allegations establish that he acted inappropriately. Contrary to Plaintiffs' self-serving assertions, Defendant's actions were objectively reasonable. Therefore, he should not be liable to Plaintiff in his official or individual capacities.

## Any subsequent amendment to the Complaint would be futile

It is respectfully submitted that any future opportunities by Plaintiff to amend its pleading would be futile, as Defendant has already attempted to amend his complaint on several occasions, and cannot seem to avoid creating a shotgun pleading; differentiating between whether his cause of action is contractual or a legal right; and identifying proper causes of action and legal principles applicable

to the facts alleged toward each Defendant.  A district court may properly deny leave to amend the complaint when such amendment would be futile. *Swinford v. Santos*, 121 F.4th 179, 192 (11th Cir. 2024) (Affirming dismissal of complaint and denial to amend same, when the amendment would be futile.); *Marshall v. Aryan Unlimited Staffing Solution/Faneuil*, 599 Fed.Appx. 896, 899 (11th Cir. 2015) (Dismissal was not an abuse of discretion where plaintiff had been given leave to amend, failed to cure pleading failures pursuant to Rules 8 & 10, and any subsequent amendment would be futile). Therefore, Defendants respectfully request the Plaintiff's Complaint be Dismissed With Prejudice.

## III.    <u>CONCLUSION</u>

For the reasons stated above, it is respectfully submitted that all claims against Defendants should be dismissed.

## <u>Local Rule 3.01(g) Certification</u>

Movant hereby certifies that undersigned counsel has conferred with *pro se* Plaintiff, James Foster, and the forgoing motion is opposed. Conference occurred by telephonic means on December 5th 2025.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this this 5th day of December, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and a true copy is served via U.S. Mail and e-mail to: James J. Foster, *Pro se*, 1027 Mallard Lane, The Villages, FL 32162 at: jimfoster@alum.mit.edu.

<u>*/s/ Jon Christian Prusinowski*</u>
Jon Christian Prusinowski, Esquire
Florida Bar No.: 1025082
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary e-mail:
cprusinowski@roperpa.com
Secondary e-mail:
jmaffey@roperpa.com
Attorney for Defendants